## Enoch Foster *vs.* Paschal Abbot & others.

A. filed a petition for partition of certain land, alleging that he was seized of one half thereof, as tenant in common with persons unknown : Notice to all persons inter ested was ordered by the court, and was published in a newspaper, but no person appeared : The court appointed commissioners to make partition, who set off to the petitioner one half of said land, to hold in severalty ; and this partition was established by a judgment : Other claimants of the land afterwards entered upon that part of it which was thus set off to A., and there delivered a deed thereof to B., who brought a writ of entry against A.'s devisees. *Held*, that B.'s grantors were disseized, and had no right of entry, when they delivered their deed to him, and that nothing passed by that deed. *Held also*, that B. could not be permitted to impugn the judgment establishing the partition, by showing that A. knew, when he filed his petition, that B.'s grantors were parties interested in said land, and that the proceedings on said petition were therefore erroneous ; but that the judgment, establishing the partition, whether erroneous or not, was conclusive, while it remained unreversed.

Writ of entry to recover an undivided half of a parcel of woodland in Andover.

The demandant, at the trial, introduced a deed of warranty from Simeon Kittredge to Joseph Mears, dated January 18th 1825, and a deed of warranty from Joseph Mears to William Ferguson, dated March 28th 1825, both recorded on the 31st of March 1825 : Also, a deed of quitclaim from William Ferguson to Levi Davis, acknowledged September 4th, and recorded November 27th, 1840 : Also, a quitclaim deed from said Mears, Ferguson and Davis, to the demandant, dated October 23d 1843. All these deeds purported to convey an undivided half of a tract of land which included the premises demanded

in this suit; and in the first two of them, Levi Davis was mentioned as the cotenant of the grantor, and as owner of one half of said premises.

It appeared that George French, in 1823, levied an execution against one Mace, upon an undivided moiety of certain land alleged to be held by said Mace in common with the wife of Levi Davis aforesaid; and that Simeon Kittredge claimed said moiety, and conveyed it as above stated. The tenants claimed title under the last will of said French, and introduced a copy of the record of a process in partition, which showed that French presented to the court of common pleas, at March term 1828, a petition for partition of a tract of woodland in Andover, alleging that he was seized in fee of an undivided half thereof, as tenant in common with some person or persons to him unknown; that an order was passed on said petition, directing the petitioner to give notice to all persons interested, by publishing a copy of his petition and of said order thereon, three weeks successively, in the Salem Gazette, a newspaper published in this county, that they appear at the next June term of said court, and show cause, &c.; that notice was given, pursuant to said order, and that, at said June term, no person appearing to show cause, the interlocutory judgment, that partition be made, was entered, and three freeholders in said county were appointed to make partition, who made return, at the following September term of said court, that they had set off to the petitioner one half, " for quality and quantity," of the land described in his petition, namely, four acres, which were described by metes and bounds : Whereupon, it was " considered by the court that said return be accepted and recorded, as the law directs, and that the partition aforesaid be held firm and stable forever." [See *Dascomb* v *Davis*, 5 Met. 335.]

The judge thereupon ruled, that the proceedings on said petition for partition showed that the demandant's grantors were disseized when they conveyed to him, and that he could not maintain this action.

The demandant then gave evidence that all his grantors went upon the demanded premises, with him, on the day of the date

of their quitclaim deed to him, and there delivered said deed tc him, and declared that they gave him possession of said premises. The judge ruled, that at the time of the delivery of said deed, no right of entry was left in either of the grantors ; that such delivery of the deed, therefore, did not purge the disseizin ; and that the action could not be maintained in the name of the demandant.

The demandant then offered to give evidence that the proceedings on the aforesaid petition for partition were irregular, because it was only against persons unknown, whereas, in truth, the demandant's grantors were parties in interest, and were known by said petitioner so to be, at the date of his petition ; and that the said proceedings were not notified to them. The judge ruled that such evidence was immaterial and incompetent. The demandant thereupon consented to become nonsuit, subject to the opinion of the whole court upon the aforesaid rulings.

*Ward*, for the demandant.

*Hazen*, for the tenants.

WILDE, J. This case depends on the legal effect of a judgment on a petition for partition, whereby the demanded premises were assigned to George French, under whom the tenants claim to hold in severalty. It was ruled at the trial, that whether the proceedings on the petition were regular or not, French's entry under the judgment amounted to a disseizin of the demandant's grantors, and that, as this was previous to the grant, no title passed by the grant to the demandant. And we are of opinion that this ruling was correct, even if the proceedings on the petition were irregular and not conformable to the statute.

The demandant then offered to prove that his grantors entered on the land granted, and delivered their deed to him thereon ; but it was ruled that the grantors had no right of entry on the demanded premises, and consequently that the delivery of the deed on the land did not give it validity, and so that this action could not be maintained in the name of the demandant. And we are of opinion that this ruling also was correct. The judgment in partition was not void nor voidable by

the entry of the demandant's grantors, but only by a writ of error. Whether the judgment is erroneous or not, for the alleged defect of notice, is immaterial, as it is quite clear that this question cannot be decided in the present action. The judgment must be held valid until reversed on a writ of error. By the Rev. Sts. *c.* 103, § 33, the final judgment on a petition for partition, confirming and establishing the partition, is made conclusive as to all rights, both of property and possession, of all parties and privies to the judgment, including all persons, who might by law have appeared and answered to the petition ; with certain exceptions not applicable to the rights of the demandant's grantors. The demandant does not claim the premises to hold in severalty, and therefore does not come within § 38, nor within § 39 ; for he does not claim a share assigned to, or left for, any of the part owners of the land included in the judgment for partition. It is quite clear, therefore, that neither the demandant nor his grantors have any title to the demanded premises, while the judgment on the petition for partition remains in force and unreversed. Whether it is liable to be reversed, for the error alleged, is a question not affecting the present action, and upon which we give no opinion.

*Nonsuit to stand.*